**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JEFFREY COLLINS, | : | Case No. 3:12-cv-150 |
| Plaintiff, | : | District Judge Thomas M. Rose<br>Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Specific Errors (doc. 9), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 12), the administrative record[2] (doc. 6), and the record as a whole.

## I. BACKGROUND

### A. Procedural History

This case involves Plaintiff's second application for disability benefits. Plaintiff initially filed for DIB and SSI in November 2003, alleging a disability onset date of February 1, 2003. PageID 103. After initial denials of his application, Plaintiff received a hearing before ALJ

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Daniel Shell. *Id*. In a written decision issued on February 22, 2007, ALJ Shell found Plaintiff not "disabled," *see* PageID 103-12, on the basis that Plaintiff retained the residual functional capacity ("RFC") to perform light work[3] with the following restrictions:

> (1) He can do no repetitive twisting or bending; (2) He can do no climbing; (3) He can do no crawling; (4) He cannot climb ladders, ropes, or scaffolds; (5) He must be able to change positions momentarily every 35 to 40 minutes at his work station to avoid cramping or spasms; (6) He can perform only low stress work with no production quotas and no over-the-shoulder supervision; and, (7) He cannot deal directly with the public.

PageID 107-08. The Appeals Council denied review. PageID 113-15. There is no record of further appeal of ALJ Shell's decision.

Thereafter, on February 20, 2008, Plaintiff filed a new application for DIB and SSI, claiming disability due to a pinched sciatic nerve and chronic back and leg pain. PageID 172-82, 199. It is this application which is the subject of the instant case.

After initial denials, Plaintiff received a hearing before ALJ James Knapp. *Id*. In a written decision issued on July 15, 2010, ALJ Knapp found Plaintiff not "disabled." *See* PageID 50-60. Specifically, ALJ Knapp's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2007;

2. The claimant has not engaged in substantial gainful activity since February 1, 2002, the alleged onset date (20 CFR §§ 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant had the following severe impairments: 1) post-laminectomy syndrome with secondary right hip and thigh pain; 2) non-specific white

---

[3]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

        matter brain disease; and 3) chronic alcohol abuse (20 CFR §§ 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926);

5. After careful consideration of the entire record, the [ALJ] finds that the claimant lacks the [RFC] to: 1) lift more than 10 pounds frequently or 20 pounds occasionally; 2) do any job where he is not free to alternate sitting/standing positions at 30-minute intervals throughout the work day; 3) stand or walk in combination longer than two hours of the work day; 4) crawl or climb; 5) stoop or twist the back at waist level more than occasionally; 6) do any job requiring good ability to maintain balance or any walking on uneven surfaces; or 7) work at temperature extremes or in wet/humid areas;

6. The claimant is unable to perform any past relevant work (20 CFR §§ 404.1565 and 416.965);

7. The claimant was born [in] 1963 and was 38 years old, and classified as a younger individual on the alleged disability onset date (20 CFR §§ 404.1563 and 416.963);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR §§ 404.1564 and 416.964);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)); [and]

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2002, through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

PageID 53-60.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Knapp's non-disability finding the final administrative decision of the Commissioner. PageID 43-45. *See Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal on May 22, 2012. Doc. 2.

### B. Plaintiff's Hearing Testimony

At the June 2010 administrative hearing, Plaintiff testified before ALJ Knapp that he is 5'3" tall and weighs 150 pounds. PageID 69. He lives alone in an apartment. PageID 70. Plaintiff stated that he stopped driving in 2000 due to his license being revoked because of repeated DUIs. *Id.*

Plaintiff testified that he originally stopped working due to a pinched nerve in his back, which caused hip and leg pain. PageID 73. Plaintiff also testified that he had back surgery in July 2004, which resulted in back pain due to scar tissue. PageID 74. Plaintiff additionally testified to suffering from sciatica, resulting in hip pain which runs down his right leg to his ankle. PageID 75. Plaintiff stated that he is on pain medication, which helps to reduce his back and hip pain by approximately 30 percent. PageID 75.

Regarding his daily activities, Plaintiff testified that he performs household chores such as cooking, cleaning, dishwashing, sweeping, mopping, and laundry. PageID 78. On a typical day, besides doing chores, he takes naps and watches television. PageID 78-80. Plaintiff stated that he walks to the grocery store once or twice per week, and visits his children and aunt twice per week. PageID 79-80. Plaintiff testified that he smokes one pack of cigarettes daily, and drinks beer several times per week. PageID 77, 80.

Plaintiff testified that he is able to lift up to 35 pounds occasionally and 15 pounds frequently. PageID 79, 81. Plaintiff estimated that he could walk one block at a time without

-4-

stopping. PageID 81. He also estimated that he could stand 15 minutes at a time, and sit 15-20 minutes at a time. *Id.*

### C. Vocational Expert Testimony

Vocational Expert ("VE") Brian Womer also testified at the administrative hearing. PageID 87-90. The VE classified Plaintiff's past work as a parts clerk at the heavy, semi-skilled level; his work as a building maintenance repairer at the medium, skilled level; and his work as a dishwasher at the medium, unskilled level. PageID 91.

ALJ Knapp proposed a series of hypotheticals regarding Plaintiff's RFC to the VE. PageID 91-93. Based on Plaintiff's age, education, work experience, and RFC, the VE responded that Plaintiff could not perform his past relevant work, but could nevertheless perform, in the regional economy, 3,000 jobs at the light exertional level and 1,500 jobs at the sedentary exertional level. *Id.*

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3)[4]; *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

---

[4] The remaining citations will identify the pertinent DIB regulations with full knowledge of the corresponding SSI regulations.

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis – may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB and/or SSI benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

    3.      Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

    4.      Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.      Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. OPINION AND ANALYSIS[5]

On appeal, Plaintiff argues that ALJ Knapp erred by "finding that [his] back impairment had not worsened since the previous [ALJ]'s decision." Doc. 9 at PageID 782-85. Plaintiff claims that under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), it was reversible error for ALJ Knapp to "essentially adopt[] the RFC of the previous ALJ's decision" with regard to Plaintiff's back impairment because "there was such a significant change, a worsening, in Plaintiff's back condition" since the prior administrative decision was issued in 2007. *Id*. at PageID 782-83. In that regard, Plaintiff also challenges ALJ Knapp's review of medical records by Plaintiff's treating primary care physician, Susan Franer, M.D. *Id*. at PageID 783-84.

---

[5] Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors, the Commissioner's memorandum, and the administrative decision, *see* doc. 9 at PageID 776-81; doc. 11 at PageID 793-96; PageID 53-58, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

### A. ALJ Knapp Committed No Error Under *Drummond*

Prior final decisions of the Commissioner which were not appealed are binding. *Casey*, 987 F.2d at 1232. As such, "Social Security claimants are bound by the principles of *res judicata*." *Drummond*, 126 F.3d at 841. In *Drummond*, the Sixth Circuit held that the Commissioner is bound by prior ALJ findings with regard to a claimant's disability application unless new evidence or changed circumstances require a different finding. *Id*. at 842; AR 98-4(6), 1998 SSR LEXIS 5, at *9, 1998 WL 283902, at *2-3. Accordingly, Social Security Acquiescence Ruling 98-4(6), issued by the Commissioner following the Sixth Circuit's ruling in *Drummond*, mandates that:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 1998 SSR LEXIS 5, at *9, 1998 WL 283902, at *3.

It is the claimant's burden to present evidence showing that his or her symptoms have changed since the time of the ALJ's prior determination. *See Casey*, 987 F.2d at 1232-33. The Sixth Circuit has held that "when a plaintiff previously has been adjudicated not disabled, [he or] she must show that [his or] her condition so worsened in comparison to [his or] her earlier condition that [he or] she was unable to perform substantial gainful activity." *Id*. at 1232. *See also McCracken v. Comm'r of Soc. Sec.*, No. 1:08-CV-327, 2009 WL 2983049, at *10 (S.D. Ohio Sept. 14, 2009) ("new and material evidence must document a *significant* change in the claimant's condition") (emphasis in original).

The record supports ALJ Knapp's finding that Plaintiff's back impairment has not "so worsened" since February 22, 2007. In fact, there is an appreciable amount of evidence in the record to the contrary. Specifically, injection therapy has proven effective in treating Plaintiff's back pain. Notably, the treatment notes of Nadeem Ahmed, M.D. -- Plaintiff's treating physician who was responsible for administering those injections -- repeatedly document significant relief of Plaintiff's back pain in 2009 and 2010. *See* PageID 721-27, 732-33.

For instance, in September 2009, Plaintiff reported his pain as being 3 out of 10 (on a scale of 10), and Dr. Ahmed noted, "[Plaintiff] informed me that his injections have helped him and his last injection which was done in July is still giving him enough pain relief. He is taking his medication on a regular basis and that seemed to help him as well. He denies any new symptoms of numbness, weakness, and tingling." PageID 732.

Similarly, in November 2009, Plaintiff reported his pain as being "0-3" out of 10. PageID 726. At that time, Dr. Ahmed noted, "[Plaintiff] informs me that with the help of injection, he has found significant improvement of his pain. His back pain is pretty much resolved but he still has some right-sided hip pain. He is taking his medication as prescribed, and they seem to be controlling his pain very well." *Id*.

In February 2010, Plaintiff again rated his pain as being 3 out of 10, and Dr. Ahmed noted that "[Plaintiff's] pain symptoms are now under good control. He denies any new symptoms of numbness, weakness, and tingling…. Generally speaking, at this time, he seems to be doing reasonably well." PageID 721. Likewise, in April 2010 -- in the most recent treatment note of record -- Plaintiff again reported his pain as being 3 out of 10, and Dr. Ahmed noted, "[Plaintiff] informed me that he is managing his pain very well. His injection which was done in

the month of January is still helping. He denies any new symptoms of pain, numbness, weakness, or tingling." PageID 762.

In light of the foregoing, and pursuant to *Drummond*, the Court finds ALJ Knapp's RFC determination supported by substantial evidence. ALJ Knapp properly considered the evidence of record, and made no error in adopting essentially the same RFC from the previous administrative decision with regard to Plaintiff's back impairment. Plaintiff has not met his burden under *Drummond* to show a significant worsening of his condition which would justify a new RFC. *See Casey*, 987 F.2d at 1232-33.

### B. The ALJ Properly Weighed The Opinion Of Dr. Franer

To the extent Plaintiff argues that ALJ Knapp improperly weighed the opinion of Dr. Franer, such an argument is without merit. Dr. Franer's October 2009 opinion -- that Plaintiff's back problems are "deteriorating"; that Plaintiff can only work 7 hours in a workday; and that Plaintiff is "unemployable," *see* PageID 710-11 -- is unsupported by the record, and is refuted by the notes of fellow treating physician Dr. Ahmed, which were recorded in the months immediately before and after the issuance of Dr. Franer's opinion. *See*, *e.g.*, PageID 726-27, 732-33, 762-63.

While the medical opinions of treating physicians are generally entitled to greater weight than those of consulting physicians, a treating physician's conclusory statement -- that the claimant is disabled -- is not determinative of the ultimate issue. *Landsaw v. Sec'y of H.H.S.*, 803 F.2d 211, 213 (6th Cir. 1986). Rather, a treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, and not inconsistent with the other evidence of record. *See* 20 C.F.R. § 404.1527(c)(2); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). An ALJ may properly reject a treating

physician's opinion that does not meet these standards. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-31 (6th Cir. 1997).  Such is the case with Dr. Franer's October 2009 opinion which directly conflicts with multiple findings by fellow treater Dr. Ahmed that Plaintiff was not disabled.  ALJ Knapp was well within his discretion in adopting the findings by Dr. Ahmed and giving less weight to the findings of Dr. Franer.  *Accord Lane v. Astrue*, 839 F. Supp. 2d 952, 970-71 (S.D. Ohio 2011) (Newman, M.J.), *adopted by* 839 F. Supp. 2d 952, 955-56 (S.D. Ohio 2012) (Rose, J.) (finding the ALJ's decision -- to not afford controlling weight to the treating doctors' opinions -- supported by substantial evidence because those opinions were unsupported by the medical record).

## IV. RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's arguments unmeritorious, and the ALJ's non-disability analysis supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.

August 1, 2013                                                                 s/Michael J. Newman
                                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).